**AMIGO COAL CO. v. UNITED STATES.**

No. L–210.

Court of Claims.

Feb. 4, 1935.

Allen H. Gardner, of Washington, D. C. (Morris KixMiller & Baar, of Washington, D. C., on the brief); for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The findings show that the matter of the application of the overpayments for the years 1916, 1917, and 1918 in the total amount of $4,302.99 was not finally determined by the Commissioner until June 26, 1924, when he directed the collector to apply the amount of these overpayments to the balance due on the 1920 taxes. While some further action was taken with reference to the balance then remaining on the 1920 taxes, no further action was taken with reference to this credit either by the Commissioner or the collector.

It follows that the credit thus allowed was made while the Revenue Act of 1924 was in force and the matter of interest would be controlled thereby. The statute then prevailing (Revenue Act 1924, § 1019, 26 USCA § 153 note) allowed interest "at the rate of 6 per centum per annum from the date such tax * * * was paid * * * to the due date of the amount against which the credit is taken." In the case of Riverside & Dan River Cotton Mills v. United States, 37 F.(2d) 965, 69 Ct. Cl. 70, 75, we held that where the tax was paid in installments, as the 1920 tax was paid in this case, the words "due date" meant the date provided for the payment of the installments. These matters being decided, it is conceded by defendant that plaintiff has not received the full amount of interest to which it is entitled.

The plaintiff is entitled to recover, but before judgment is entered counsel for the respective parties may submit to the court a stipulation as to the exact amount of interest which should be entered in accordance with this opinion, if they can agree thereon. If not, they may submit computations of this amount as they respectively consider it should be determined, and upon consideration thereof the court will enter final judgment.

BOOTH, Chief Justice, and WILLIAMS and LITTLETON, Judges, concur.

WHALEY, Judge, took no part in the consideration or decision of this case.